# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ALLTECH, INC., | CASE NO. 06 CV 0153 JM (RBB) |
|---|---|
| Plaintiff, | **ORDER GRANTING CENZONE AND WU'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| vs. | |
| CENZONE TECH, INC. and JUNG FU WU. | |
| Defendants. | |
| CENZONE TECH, INC., and JUNG FU WU, | |
| Counterclaimants, | |
| vs. | |
| ALLTECH, INC., | |
| Counterdefendant. | |

Comes now defendant and counterclaimant Cenzone Tech, Inc., and Jung Fu Wu's (collectively "Defendants") motion for leave to file a Second Amended Answer and Counterclaims ("SAAC"), attached as Exhibit A to their Memorandum of Points and Authorities. Plaintiff Alltech, Inc. ("Plaintiff") opposes the motion. After considering the parties papers, the court hereby **GRANTS** the motion for the reasons set forth below.

## BACKGROUND

This is a patent infringement action arising out of Defendants' production and sale of an animal feed product marketed under the trade name "Microbond." In a complaint filed January 23,

1  2006, Plaintiff alleged that Defendants infringed U.S. Patent 6,045,834 (the "'834 Patent").
2  Defendants answered and counterclaimed on March 2, 2006. On March 27, 2006, Plaintiff moved to
3  dismiss and/or strike Count II of the counterclaim ("Declaratory Judgment of Unenforceability") and
4  certain affirmative defenses and prayers for relief contained therein. Defendants filed an opposition
5  to the motion in which they provided:

> **COUNT II OF COUNTERCLAIM**
> Although Cenzone believes that Alltech has engaged in acts giving rise to a patent misuse claim and/or acts which would constitute antitrust violations, Cenzone is cognizant of the heightened requirements for pleading such a claim. Accordingly, Cenzone has opted to amend its Counterclaim, as permitted under Federal Rules of Civil Procedure, Rule 15(a), to delete this Count and the prayer for damages. Alltech's motion to dismiss this claim is therefore rendered moot. In the event that discovery produces further support for the position that Alltech knew of the invalidity of its patent and/or that Alltech is otherwise engaging in patent misuse or has committed antitrust violations, Cenzone will seek leave of this Court to amend its Counterclaim to state such a claim.
>
> **AFFIRMATIVE DEFENSES**
> In the interest of avoiding protracted litigation at this point, Cenzone does not oppose Alltech's motion to dismiss and/or strike the second, fourth, seventh, eighth, ninth and thirteenth affirmative defenses.

15  See Mot., Ex. B. Thereafter, the parties stipulated that Defendants would remove Count II and certain
16  affirmative defenses from their counterclaim so as to moot Plaintiff's motion to dismiss and/or strike.
17  Defendants filed their First Amended Counterclaim on April 14, 2006.

18  Now, Defendants seek leave to add that which they had previously removed. Defendants
19  contend that leave to amend should be granted because between July 2006 and September 2006, they
20  discovered evidence suggesting that Plaintiff knowingly withheld highly material prior art from the
21  U.S. Patent and Trademark Office ("PTO") during examination of the '834 Patent. Mot. at 3; Ames
22  Decl. ¶¶ 5-7. Defendants argue that therefore this court should grant them leave to add the following
23  defenses and/or counterclaims: (1) unenforceability based on inequitable conduct; (2) federal antitrust
24  violations based on Plaintiff's improper assertion of invalid patent claims to preclude competition; and
25  (3) state unfair competition counterclaims. Mot. at 2.

26  Plaintiff argues that the amendments are futile because the SAAC does not plead inequitable
27  conduct with particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiff also argues
28  that Defendants have acted in bad faith by unduly delaying the filing of the instant motion, and that

this undue delay has prejudiced Plaintiff because Plaintiffs were unable to inquire about the additional claims and defenses at Defendants' deposition in August 2006.

**DISCUSSION**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif., 648 F.2d 1252, 1254 (9th Cir. 1981). In deciding whether granting leave to amend would be futile, the court evaluates the proposed amended pleading under the Rule 12(b)(6) standard. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Balancing these factors, the court finds that Defendants' motion should be granted. Contrary to Plaintiff's assertion, the evidence shows that Defendants have not unduly delayed filing this motion in bad faith. Defendants discovered the evidence here between July 2006 and September 2006. They filed the instant motion soon thereafter on October 2, 2006, in advance of the court's October 5, 2006 deadline to file motions for leave to amend. See Docket No. 32. Defendants had previously put Plaintiff on notice that it would seek leave to amend should discovery yield additional information that could form the basis of the counterclaims proposed here. See Mot., Ex. B. This tends to show that Defendants are acting in good faith. Although Plaintiffs are correct that Defendants did not expressly reserve their rights to amend their affirmative defenses, see Oppo. at 2, this fact is immaterial in light of Rule 15(a)'s liberal policy for granting leave to amend. Nor is the court persuaded by Plaintiff's argument that it was prejudiced by not being able to inquire about the evidence at Defendants' deposition in August 2006. Oppo. at 11. Defendants' investigation was still ongoing at that time, see Ames. Supp. Decl. ¶ 14, and therefore it is reasonable to conclude that when the deposition took place in August 2006, Defendants had not yet assessed the merits of the newly discovered evidence or whether they were going to rely on it.

As for the futility factor, Plaintiff vehemently argues that because the proposed amendments fail to plead with particularity the "who, what, when, and where" of the alleged inequitable conduct forming the basis of Defendants' proposed patent misuse and antitrust counterclaims, these

1  amendments would not survive a Rule 12(b)(6) motion to dismiss and therefore granting leave to
2  amend would be futile. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

3  The court need not reach Plaintiff's particularity argument with respect to the SAAC as
4  submitted with the instant motion. In their reply, Defendants propose to add, should the court require
5  more particularity, allegations which the court finds would satisfy Rule 9(b). These additional
6  allegations contain the who (Plaintiff and Dr. Gary Pusillo, a defendant in a similar patent
7  infringement case filed by Plaintiff in the Western District of Kentucky), the what (alleged prior art
8  consisting of the development of animal feed additives containing yeast and/or yeast cell wall extracts
9  and clays, the same composition claimed by Plaintiff in the '834 Patent), the where and when (in about
10 1995 when Dr. Pusillo and Plaintiff were engaged in business, and during prosecution of the '834
11 Patent before the PTO) of the alleged inequitable conduct. See Reply at 7. Since Defendants have
12 already articulated these additional allegations in their reply to this motion, the court finds it would
13 not unduly burden Defendants if they were to incorporate the additional allegations into the SAAC.

14 Plaintiff also argues that the proposed California Business & Professions Code, Section 17200
15 counterclaim is futile because, while Defendants have asked for monetary damages under this claim,
16 Section 17200 only allows injunctive relief and restitution. Korea Supply Co. v. Lockheed Martin
17 Corp., 29 Cal. 4th 1134, 1144 (2003). Defendants respond that their prayer for "monetary damages"
18 is actually a claim for relief in the form of restitution. See Reply at 6. Since the court is already
19 requiring Defendants to amend the SAAC to incorporate the additional allegations set forth in their
20 reply, Defendants should also amend their Section 17200 claim to ask expressly for restitution.

21 Finally, Plaintiff argues that Defendants' Eighth, Ninth, and Eleventh affirmative defenses are
22 futile because the SAAC fails to plead inequitable conduct with particularity. Oppo. at 9-11.
23 However, this argument becomes moot once the additional allegations are incorporated into the
24 SAAC. As for Plaintiff's argument that Defendants' Ninth affirmative defense ("Antitrust") fails to
25 plead an antitrust injury and therefore fails to state a claim, the court rejects this argument since
26 Defendants are pleading an affirmative defense, not an affirmative claim for relief. Moreover, the
27 SAAC's antitrust counterclaim alleges an antitrust injury, and that is sufficient for purposes of the
28 instant motion. Mot., Ex. B ¶ 77; see Conley v. Gibson, 355 U.S. 41, 48 (1957) ("The Federal Rules

1 reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive
2 to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision
3 on the merits.").

4     In sum, the court finds that granting Defendants' motion for leave to amend would be in the
5 interests of justice. The new allegations, if true, could be material to the outcome of this case.
6 Plaintiff is not prejudiced by the court's decision since this case is still in the early stages of litigation.

7 **CONCLUSION**

8     Defendants' motion for leave to amend their answer and counterclaim is **GRANTED**.
9 Defendants are **ORDERED** to file within 10 days of entry of this order an amended answer and
10 counterclaim to include (1) the additional allegations set forth in part II of their reply, and (2) with
11 respect to the Section 17200 counterclaim, a request for "restitution" instead of "monetary damages."

12     **IT IS SO ORDERED.**

13 DATED: November 7, 2006

14

15                                               Hon. Jeffrey T. Miller
                                              United States District Judge

16 cc: All Parties