Wesley B. Ames (Bar No. 190318)
Ames IP Law
7031 Los Vientos Serenos
Escondido, CA 92029

Anthony J. Dain (Bar No. 98947)
Lisel M. Ferguson (Bar No. 207637)
Victor M. Felix (Bar No. 179622)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.039

Attorneys for Defendants and Counterclaimants
CENZONE TECH, INC. and JUNG FU WU

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLTECH, INC. a Kentucky corporation<br><br>Plaintiff,<br><br>vs.<br><br>CENZONE TECH, INC., a California corporation; JUNG FU WU, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS. | Case No.: 06 CV 0153 JM (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF LITIGATION**<br><br>Judge: Hon. Jeffrey T. Miller<br><br>Date: March 6, 2007<br>Time: 11:00 a.m.<br>Place: Courtroom 6 |

COMES NOW the Defendant, by counsel, for its Memorandum of Points and Authorities in Support of Defendant's Motion for Stay of Proceedings.

## BACKGROUND

On January 5, 2007, Defendant's patent counsel filed with the United States Patent Office a Request for Re-examination of Patent No. 6,045,834, the patent in suit. On February 8, 2008, in response to a requirement for a replacement statement, Defendant's patent counsel filed with

1  the United States Patent Office a Replacement Request for Reexamination of Patent No.
2  6,045,834.  (See declaration of Wesley B. Ames [Ames Decl.].)
3       A copy of the Replacement Request for Reexamination of Patent No. 6,045,834 and
4  related exhibits (the "Reexamination Request") are attached as Exhibit A.  The Reexamination
5  Request cites prior art not previously considered by the USPTO, indicates how the prior art
6  impacts all the claims of the patent, and has a very high probability of being granted (i.e., the
7  matter being accepted by the U.S. Patent and Trademark Office for reexamination).
8       The purpose of this motion is to request a stay of all proceedings in this action, pending
9  the outcome of the reexamination proceedings, in order to ensure judicial economy and to
10  prevent the needless or duplicative expenditure of attorney fees and costs by each side to the
11  litigation.  Although this suit has been pending for almost one year, discovery is on-going.
12  Expert reports have not yet been submitted.  While a trail date was set early in this litigation, it is
13  still more than six months away.

**ARGUMENT**

**1. A Liberal Policy of Granting Stays of Litigation Pending the Outcome of Reexamination is Consistently Provided by Case Law**

The very purpose of the patent re-examination procedure is for the U.S. Patent and Trademark Office (PTO) to aid the courts by narrowing or eliminating the need for a trial through its expert examination of the patent claims. *ASCII Corporation v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994); *Hewlett Packard Company v. Acusun Corporation*, 1993 U.S. Dist. LEXIS 6449 at p. 4 (N.D. Cal. 1993).  See also *Methode Electronics, Inc. v. Infineon Technologies Corp.*, 2000 U.S. Dist. LEXIS 20689 at p. 6 (N.D. Cal. 2000) (a stay will allow the parties and the Court to take advantage of the PTO's expert opinion and further the goal of judicial economy).  Thus "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *Methode Electronics, Inc.* 2000 U.S. Dist. LEXIS 20689 at p. 6, citing *ASCII Corporation*, 844 F. Supp. at 1381.  The Federal Circuit has noted the policy favoring staying litigation pending the outcome of

1  reexamination. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (citing the
2  legislative history of reexamination statute).

3        In a case from within this Ninth Circuit, the Court in *Medicis Pharmaceutical Corp. v.
4  Upsher-Smith Laboratories, Inc.* set out the factors to be considered by a court in determining
5  whether a stay should be granted: (1) whether a stay will simplify the issues in question and trial
6  of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay
7  would unduly prejudice or present a clear tactical advantage to the non-moving party. *Medicis
8  Pharmaceutical Corp. v. Upsher-Smith Laboratories, Inc*., 2006 U.S. District LEXIS 76320 at
9  p.4 (citing *In re Cygnus Telecomms 4 Tech., LLC* 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).
10 Emphasizing again the advantages provided by staying the litigation, the *Medicis* court further
11 stated that "any review of prior art that the Court may conduct will be enhanced by the PTO's
12 expert opinion", and that "[w]hen the patent is concurrently involved in litigation, an auxiliary
13 function [of reexamination] is to free the court from any need to consider prior art with the
14 benefit of the PTO's initial consideration." *Id.* (citation omitted).

15       Further, the filing of this motion immediately following the filing of the Reexamination
16 Request is in accord with a prior decision in this very district. In *Predicate Logic v. Distributive
17 Software*, Case No. 01CV1951 BTW (CGA), the Court granted the stay in the same situation as
18 the present. That is, the motion to stay was filed after filing of the request for reexamination but
19 before the PTO had ordered the reexamination, and was granted despite the Plaintiff's argument
20 in its Opposition that the motion was premature. *Predicate Logic v. Distributive Software*, Case
21 No. 01CV1951 BTW (CGA) (See, Dkt. documents 86, 96 and 126).

22       In fact, based on cumulative statistics from the USPTO for all *ex parte* reexamination
23 requests filed since 1981, reexaminations are ordered in more than 90% of the requests. (See,
24 Exhibit B attached hereto)  Thus, it is nearly certain that the present requested reexamination will
25 proceed in the Patent Office.

26       A stay will simply postpone this legal proceeding until the re-examination has been
27 completed by the PTO, at which time the claims contained in the '798 Patent will likely have
   been totally rejected or materially modified.

**2. Granting the Stay will Simplify the Issues In Question and Trial of the Case Because the Validity/Invalidity of the Patent is a Central and Partially Dispositive Question.**

The Reexamination Request filed for the patent at issue in this case raises questions of prior art that were never considered by the PTO because the Examiner was unaware of those publications. Indeed, the Examiner was unaware of several of the publications precisely because Plaintiff, Alltech, had failed to disclose its own publications to the PTO. Thus, the reexamination will provide the first opportunity for the PTO to evaluate the materiality of the cited references and to determine whether any of the patent claims will survive.

The chances that at least some of the claims in suit will be rejected by the Patent Office as unpatentable are particularly high in this case. Defendant's request for reexamination is based, in part, on three articles published by Plaintiff, Alltech, Inc. Those three articles were based on presentations at its annual symposia in 1995 and 1996, and published in its annual symposia proceedings books for those years, more than one year before Alltech filed its provisional patent application of which the '834 patent claims the benefit. In addition the Reexamination Request cites an article published by Alltech in 1996 based on a poster presented at its annual symposium in that year. Alltech <u>failed to disclose any of these articles</u> to the Patent Office despite the fact that they were Alltech's own articles and despite Alltech's duty to the Patent Office to disclose material prior art that it knew about. The Reexamination Request further cites a patent issued in 1977 that disclosed animal feed compositions containing both modified yeast cell wall (spent brewers yeast) and clay, the combination claimed in the patent in suit. None of the cited prior art was considered previously by the Patent Office. As explained in the Reexamination Request, each and every limitation of all the 21 claims of the patent in suit is described in the cited prior art. The Reexamination Request also sets forth a detailed analysis that describes the pertinency and the manner of applying the references to every claim of the patent in suit.

Further, since the presumption of validity of the patent in suit does not apply in reexamination proceedings before the Patent Office, the burden to find the patent in suit unpatentable during reexamination is lower than the clear and convincing standard needed to find the patent invalid in this Court. Thus, there is a very significant likelihood that any clams of the

patent in suit surviving reexamination will have been amended, limited in scope, or otherwise impacted, such as through additional file history estoppel created by amendments and arguments made during the reexamination process.

As a result, the litigation as a whole will likely have to be re-litigated if a stay is not granted by this Court due to rejection or amendment of the claims during the reexamination. Consequently, staying this litigation pending outcome of the reexamination is particularly likely to result in simplification of the issues to be considered by this Court, including a substantial likelihood that the patent will be declared entirely invalid by rejection of all claims.  See, *Medicis Pharmaceutical* at p.4**.**

**3.  Granting the Stay is Warranted in View of the Stage of Litigation.**

In the present case, discovery is not set to close for approximately one month from the filing of this motion.  In addition, expert reports have not been filed and while trial was set early in this litigation, it is still more than six months away.  In addition, the counterclaims alleging antitrust violations by Plaintiff were only entered by this Court on November 17, 2006.

Thus, this case remains at a stage where granting of the stay is highly justified.  Indeed, courts have granted stays of litigation where the case was much more mature than in the present ligitation.  For example, in *Everything for Love.com, Inc. v. Tender Loving Things, Inc.*, the case was four years old and discovery had ended two years earlier, but still the Court stated that "While this case is mature, the Court finds that Defendant has not abused the reexamination process in an attempt to delay trial proceedings.  Because of the potential for irreparable injury to Defendant, and because of the PTO's expertise in the matter, the Court will grant the stay." *Everything for Love.com, Inc. v. Tender Loving Things, Inc.*, 2006 U.S. District LEXIS 56033 at p.5 (D Az. 2006).

The present case thus represents an appropriate opportunity for this Court to obtain the benefit of the PTO's expert review of the prior art cited in the Reexamination Request and of the patent claims at issue.

**4.  Granting the Stay will Result in No Prejudice to Plaintiff, while Denying the Stay will Result in Great Prejudice to Defendant.**

1    Under the liberal policy adopted by the courts in granting stays, the courts are "to prevent
2    costly pretrial maneuvering which attempts to circumvent the reexamination procedure." *ASCII*
3    *Corporation*, 844 F. Supp. at p. 1380.  Accordingly, a motion for a stay pending reexamination is
4    routinely granted, provided the stay "does not cause undue prejudice or present a clear tactical
5    disadvantage to the non-moving parties." *Methode Electronics, Inc.* 2000 U.S. Dist. LEXIS
6    20689 at p. 5, citing *ASCII Corporation*, 844 F. Supp. at 1380.

7    In addition, as noted by the Court in *Everything for Love.com, Inc. v. Tender Loving*
8    *Things, Inc.*, the potential for irreparable injury to Defendant supports the grant of the stay of
9    litigation.  *Everthing for Love.com* at p.5.  The potential for such irreparable injury to Defendant,
10   along with the absence of any substantial prejudice to Plaintiff is exactly the situation in the
11   present case.

12   This litigation, brought by a much larger Plaintiff against a small Defendant, places an
13   extreme financial burden on the Defendant.  Compounding the expenses that have already been
14   incurred by Defendant , permitting this patent case to be litigated though the remainder of
15   discovery and trial places an unreasonable burden on the Defendant.  If Defendant is forced to
16   litigate this case through completion of discovery and on through trial, only for the PTO to
17   substantially alter the patent during the litigation, Defendants could be faced with having to
18   litigate the matter a second time.  This would result in Defendants having to bear the extreme
19   burden of paying litigation expenses twice.  Such expense could threaten the viability and even
20   survival of Defendant, Cenzone.

21   In contrast, the issuance of a stay of this proceeding by this Court will create no
22   significant prejudice to the Plaintiff.  In fact, it will result in a net benefit to the Plaintiff since a
23   failure to issue this stay will likely result in legal expenses being doubled.  Issuance of the stay
24   will not interfere with Plaintiff's ability to conduct its business, or cause it any tactical
25   disadvantage.  Thus, this factor weighs heavily in favor of granting the requested stay.

26   **CONCLUSION**

27   Stays pending PTO re-examination are routinely granted in cases such as the one at hand.
Granting of the stay will allow the PTO to apply its expertise to a dispositive issue in this case,

1  the question of the validity or invalidity of the patent at issue.  Defendant's reexamination request
2  sets forth specific and substantial grounds questioning the validity of Plaintiff's patent, which the
3  PTO is especially and expertly qualified to consider.  The PTO's determination on the
4  reexamination likely will directly guide this Court on the nature and scope of any issues that
5  remain following the reexamination of the patent.  Further, Plaintiff will suffer no prejudice from
6  the requested stay, while refusal of the stay with the resulting probability of doubling of litigation
7  will seriously jeopardize Defendant Cenzone.  Accordingly, this motion is clearly within the
8  discretion of this Court to grant, and is exactly the type the courts favor.  Therefore, Defendants
9  request that the requested stay be granted immediately.

Dated this 12th day of February, 2007

s/Wesley B. Ames
Wesley B. Ames
Ames IP Law
7031 Los Vientos Serenos
Escondido, California 92029
Email: wbames@amesiplaw.com

Lisel M. Ferguson
Anthony J. Dain
Victor M. Felix
Procopio, Cory, Hargreaves &
   Savitch LLP
530 B Street; 21st Floor
San Diego, CA 92101

Attorneys for
Defendant/Counterclaimant
Cenzone Tech, Inc.