# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLTECH, INC.,<br><br>   Plaintiff,<br>vs.<br><br>CENZONE TECH, INC. and JUNG FU WU.<br><br>   Defendants.<br>CENZONE TECH, INC., and JUNG FU WU,<br><br>   Counterclaimants,<br>vs.<br>ALLTECH, INC.,<br><br>   Counterdefendant. | CASE NO. 06 CV 0153 JM (RBB)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME FOR OPPOSITION AND REPLY ON DEFENDANTS' MOTION TO STAY LITIGATION** |

This is a patent infringement case. Pending before the court is Defendants' Ex Parte Application to Shorten Time for Opposition and Reply on Defendants' Motion to Stay Litigation, filed February 13, 2007. See Docket No. 109. Plaintiff opposes the application. Also on February 13, 2007, Defendants filed its noticed motion to stay the litigation pending the outcome of its January 5, 2007 application to the Patent and Trademark Office ("PTO") for a reexamination of the patent at issue in this case. Defendants' motion to stay is set to be heard on March 16, 2007.[1] In their Ex Parte

---

[1] Defendants erroneously indicate in their moving papers that the motion to stay will be heard on March 6, 2007. When counsel for Defendants telephoned chambers to secure a hearing date, the court informed counsel that the motion to stay would be heard on March 16, 2007, which, unlike a March 6 hearing date, would allow for the 28-day briefing schedule as required by Civil Local Rule 7.1.e.1.

- 1 -                                                                                            06cv0153

1  Application, Defendants request that the motion to stay be heard on February 27, 2007. <u>See</u> Docket
2  No. 110. It is undisputed that the PTO has not yet granted or denied Defendants' request for
3  reexamination.
4        Defendants argue an order shortening time is warranted because certain discovery, which is
5  now being conducted with a view toward meeting the March 9, 2007 discovery cut-off, may become
6  unnecessary should the PTO grant the reexamination request and narrow or invalidate any of the
7  patent claims at issue. The court disagrees. Defendants filed their request for PTO reexamination on
8  January 5, 2007 and yet they waited until now, over five weeks later, to file their motion to stay; this
9  undermines Defendants' argument that requiring them to meet their current discovery obligations in
10 light of the reexamination request would create an undue cost burden on Defendants. Moreover, if
11 necessary the court can reopen discovery after the motion to stay is heard on March 16, 2007.
12 Therefore, Defendants' application is **DENIED.**

13       **IT IS SO ORDERED.**

14 DATED: February 16, 2007

15                                               _____
16                                               Hon. Jeffrey T. Miller
                                              United States District Judge

17 cc: All Parties

18
19
20
21
22
23
24
25
26
27
28