**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ALLTECH, INC., | CASE NO. 06 CV 0153 JM (RBB) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO STAY** |
| vs. | |
| CENZONE TECH, INC. and JUNG FU WU. | **[Docket Nos. 106, 107]** |
| Defendants. | |
| CENZONE TECH, INC., and JUNG FU WU, | |
| Counterclaimants, | |
| vs. | |
| ALLTECH, INC., | |
| Counterdefendant. | |

This is a patent infringement case involving U.S. Patent Number 6,045,834 (the "'834 patent"). Pending before the court is Cenzone and Jung Fu Wu's (collectively the "Defendants") motion to stay the litigation pending reexamination proceedings before the Patent & Trademark Office ("PTO"). Plaintiff opposes the motion. The court held a hearing on the matter on March 16, 2007. After careful consideration of the parties as well as the oral argument of counsel, the court hereby **DENIES** the motion for the following reasons.

**I.    BACKGROUND**

The '834 Patent involves a method of removing mycotoxins from animal feeds. Mycotoxins are poisonous substances produced by fungi which can cause adverse health effects in animals that consume the contaminated feed. On January 4, 2007, the court issued its claim construction order pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

1    On January 8, 2007, Defendants filed with the PTO a request for reexamination of the '834 patent pursuant to 35 U.S.C. § 302.[1] In their request, Defendants argue that certain prior art not disclosed to the PTO during prosecution of the '834 patent render the patent invalid. As to the present motion, Defendants argue that in the interests of judicial economy and avoidance of unnecessary litigation, this action should be stayed pending the outcome of its reexamination request, an outcome which could result in some of the patent claims being invalidated or limited.[2] In response, Plaintiff argues that a stay will unduly prejudice Plaintiff because the PTO usually takes about twenty-one months to complete reexaminations, discovery is almost complete in this case, and Plaintiff has already expended significant efforts to prepare for trial.

Trial in this case is set for August 20, 2007. Fact discovery closed on March 9, 2007 and opening expert reports are due March 23, 2007. See Docket No. 98.

**II.    DISCUSSION**

**A.    Reexamination Generally**

"Any person at any time may file a request for reexamination by the [Patent and Trademark] Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title." 35 U.S.C. § 302. "Within three months following the filing of a request for reexamination . . . the Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." Id. § 303. If the PTO finds that the request raises a substantial new question of patentability, it will order briefing from both the patent owner and the party requesting reexamination. Id. § 304.

"One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the

---

[1] Defendants actually filed their request on January 5, 2007, but the PTO has assigned the request a January 8, 2007 filing date. See Ames Decl. in Support of Motion ¶ 3; Ames Decl. in Support of Reply, Ex. 3.

[2] Although the PTO has not yet decided whether to grant or deny Defendants' reexamination request, the court will assume for purposes of the instant motion that the PTO will grant Defendants' request. According to commentators, the PTO grants approximately 90% of reexamination requests. Paul Morgan & Bruce Stoner, *Reexamination vs. Litigation–Making Intelligent Decisions in Challenging Patent Validity*, 86 J. PAT. & TRADEMARK OFFICE SOC'Y 441, 459 (2004).

1  PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d
2  1340, 1342 (Fed. Cir. 1983). The court has discretion to stay patent litigation during reexamination,
3  see Ethicon Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988), although a stay is not required,
4  Viskase Corp v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001). Concurrent litigation and
5  reexamination proceedings are permitted since "'litigation and reexamination are distinct proceedings,
6  with distinct parties, purposes, procedures, and outcomes.'" Ethicon, 849 F.2d at 1427 (quoting In re
7  Etter, 756 F.2d 852, 857 (Fed. Cir. 1985) (en banc)).

8  "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome
9  of reexamination proceedings." ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378,
10 1381 (N.D. Cal. 1994). "A stay is particularly justified where the outcome of the reexamination would
11 be likely to assist the court in determining patent validity and, if the claims were cancelled in the
12 reexamination, would eliminate the need to try the infringement issue." In re Cygnus
13 Telecommunications Tech., LLC Patent Litigation, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)
14 (citing Gould, 705 F.2d at 1342). To determine whether a stay should be entered, courts consider

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

18 Id. (citing Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) and ASCII Corp.,
19 844 F. Supp. at 1380). The following consideration of these factors show that staying this case is not
20 appropriate.

21    **B.    Undue Prejudice or Clear Tactical Advantage**

22    Defendants argue a stay would not cause undue prejudice because Plaintiff is a larger entity
23 with significantly more resources than Defendants. At the hearing, Defendants further argued that
24 Plaintiff waited years before bringing this suit, even though the allegedly infringing product had been
25 in the market for some time, thereby demonstrating that Plaintiff would not be unduly prejudiced if
26 it were forced to wait an additional period of time for reexamination. Finally, Defendants argue that
27 if the case proceeds to trial on the current schedule, only for the PTO to later alter the patent, then
28 Defendants could be forced to litigate the claims a second time and incur expenses which could

1  threaten the survival of defendant Cenzone and cause it irreparable injury.

2  In response, Plaintiff contends that a stay pending reexamination proceedings, which could last
3  more than twenty-one months, would cause undue prejudice by allowing Defendants to continue
4  selling its infringing product, a product which is in direct competition with Plaintiff's product. Oppo.
5  at 4; see Morgan et al, supra, at 461. (providing that the average PTO reexamination proceeding takes
6  over twenty-one months, with the median being over sixteen months).

7  When a party moves to stay litigation pending PTO reexamination, the non-moving party may
8  be unduly prejudiced by the lapse of time during reexamination, which could result in loss of evidence
9  and the fading of witness memory. Gladish v. Tyco Toys, Inc., 1993 U.S. Dist. LEXIS 20211, *5-6
10 (E.D. Cal. Sept. 16, 1993). Undue prejudice is also caused when at the time the reexamination request
11 is made, the non-moving party has already expended substantial resources conducting discovery. Id.

12 The court finds that this factor weighs in favor of denying the motion. Although the court
13 appreciates Defendants' argument that this case creates a financial hardship on them, there is no way
14 to accurately predict in this case whether reexamination will result in Defendants being required to
15 re-litigate any issues, or if the reexamination will result in simplification of the issues for trial. As the
16 parties' papers demonstrate, each side has compelling arguments as to why reexamination will or will
17 not minimize litigation costs as discussed further below.[3]  Although Congress passed the
18 reexamination statutes "to provide an inexpensive, expedient means of determining patent validity",
19 Digital Magnetic Systems, Inc., v. Ansley, 213 U.S.P.Q. 290 (W.D. Okla. 1982), the law also permits
20 concurrent litigation and reexamination proceedings in light of the different purposes and procedures
21 of each, Ethicon Inc., 849 F.2d at 1427. Moreover, a stay lasting possibly twenty-one months would
22 likely cause undue prejudice to Plaintiff, who has expended resources in reliance on the current
23 discovery and trial dates. Additionally, the risk that witness memories could fade while waiting for
24 reexamination is not insubstantial.

25 / / /

26

---

27 [3] The parties bicker over who has been publicizing the allegations in this case for their own benefit and who is entitled to have these allegations laid to rest in the eyes of the industry. The court declines to enter the
28 fray and finds that these arguments do not support either side in the determination of undue prejudice.

Accordingly, the court finds that this factor weighs against granting the motion.

**C.     Whether a Stay Will Simplify Trial**

A stay pending reexamination will simplify the issues for trial when after reexamination, claims are invalidated or limited, thereby mooting the need for a trial on those particular claims. See Imax Corp. v. In-Three, Inc., 385 F. Supp. 2d 1030, 1032-33 (C.D. Cal. 2005).

Here, Defendants have asked the PTO to reexamine the '834 patent on the ground that prior art not cited by Plaintiff during patent prosecution render the '834 patent invalid. Mot. at 2. Defendants argue that reexamination could result in the elimination of some issues for trial, especially since in reexamination proceedings the presumption of patent validity does not apply. Mot at 4; Reply at 4. Plaintiffs argue that any outcome from the reexamination will not simplify the issues for trial because the PTO, during reexamination, will only consider a subset of the validity issues raised in this litigation.[4]

This factor weighs slightly against granting the motion. Although reexamination could eliminate the need for trial on certain claims, this is only speculation. On the other hand, patent validity is a central issue in the case and the outcome reexamination proceedings could be helpful in terms of not only limiting or doing away with claims. When balanced against the other two factors, however, the court finds a stay is still unwarranted.

**D.     Whether Discovery is Complete/Trial Date Been Set**

Courts are less likely to grant stays when the reexamination request is filed late in the litigation, when discovery is well underway and a trial date has been set. Compare Medicis Pharmaceutical Corporation, v. Upsher-Smith Laboratories, Inc., 2006 U.S. Dist. LEXIS 76320, *8 (D. Ariz. Oct. 19, 2006) (granting stay when parties had engaged only in limited discovery and no trial date had been set); Everything for Love.com, Inc. v. Tender Loving Things, Inc., 2006 U.S. Dist. LEXIS 56033, *5 (D. Ariz. July 21, 2006) (granting stay where at pretrial conference, trial date was vacated so parties could pursue settlement negotiations, which were ultimately unsuccessful, and a

---

[4] For example, "although Cenzone identified over twenty (20) allegedly prior art publications in its Preliminary Invalidity Contentions, it has submitted only five (5) references to the PTO to be considered during the reexamination process. (Ex. 6; Cenzone Ex. A)." Oppo. at 7. Plaintiff also points out that the PTO will not address Defendants' inequitable conduct or antitrust counterclaims. Oppo. at 8.

third party thereafter requested reexamination); Predicate Logic, Inc. v. Distributive Software, Inc., Case No. 01cv1951, Docket No. 126 (S.D. Cal. Nov. 14, 2002) (Moskowitz, J., presiding) (granting motion to stay pending reexamination where no Markman hearing had yet taken place, discovery had not yet closed, and no trial date had been set) with Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (denying motion for stay pending reexamination where case was nearing discovery cut-off); Imax Corp., 385 F. Supp. 2d at 1033 (denying stay, even though reexamination request was filed just three months after complaint was filed and even though trial date had not been set, when reexamination was not likely to resolve several issues in case, significant discovery had already been conducted, and each party had potential to be damaged by delay in resolution of dispute); Whatley v. Nike, Inc., 2000 U.S. Dist. LEXIS 5815, *7, 10 (D. Or. Feb. 9, 2000) (denying stay when parties had engaged in substantial discovery and even though no trial date had been set out of concern about "prejudice to the defense in the form of mounting potential damages and preservation of witness memories."); Agar Corp. Inc. v. Multi-Fluid, Inc., 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) (denying motion for stay when case discovery was underway, trial date had been set, and case had been pending for one year and nine months); cf. Hewlett-Packard Co. v. Acuson Corp., 1993 U.S. Dist. LEXIS 6449, *2-3 (N.D. Cal. May 6, 1993) (granting stay when plaintiff sued for infringement *after* defendant requested reexamination).

In this case, fact discovery closed on March 9, 2007 and expert reports are due March 23, 2007. Trial is set for August 20, 2007. This case is in the late stages of litigation. Therefore, the weight of authority holds in favor of denying the motion.

Finally, the court is unpersuaded by Defendants' argument that they could not confirm the viability of the discovered prior art for purposes of requesting reexamination until December 2006 and that therefore they were diligent in filing the present motion. Reply at 5-7. Defendants went forward with the December 20, 2006 Markman hearing, toward which the court and the parties devoted much time and effort, when presumably Defendants had already substantially confirmed the viability of the prior art by the date of the Markman hearing. Only after the court issued its claim construction order on January 4, 2007 did Defendants send, on January 5, 2007, their request for reexamination. Defendants then waited *over one month*, until February 13, 2007, to file the instant motion to stay.

1  The PTO took no action between January 5, 2007 and February 13, 2007 on Defendants' request,
2  other than to say that the request was incomplete, see Ames Decl. in Support of Motion ¶ 3, which
3  could explain or excuse the delay in filing the present motion.  This time line of events undermines
4  Defendants' argument that they have been acting diligently and with good faith in seeking a stay.

### III. CONCLUSION

For the foregoing reasons, the motion to stay is **DENIED.**

**IT IS SO ORDERED.**

DATED:  March 21, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties